**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY CHARLES ALTO, | No. 11-16431 |
| Petitioner-Appellant, | D.C. No. 5:11-cv-00632-JW |
| v. | |
| RONALD DAVIS, Acting Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Anthony Charles Alto appeals pro se from the district court's judgment

denying his 28 U.S.C. § 2254 habeas petition challenging a 2009 decision by the

Board of Parole Hearings denying parole and deferring his next parole hearing for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

ten years in accordance with California Penal Code § 3041.5 ("Marsy's Law").  We dismiss.

This court issued a certificate of appealability ("COA") on whether application of Marsy's Law to delay Alto's next parole hearing for ten years violates the Ex Post Facto Clause.  We vacate the COA as improvidently granted and dismiss this appeal for lack of jurisdiction.  *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (holding that claims fall outside "the core of habeas corpus" if success will not necessarily lead to immediate or earlier release from confinement), *cert. denied*, 580 U.S. __ (U.S. Jan. 9, 2017) (No. 16-6556); *Phelps v. Alameda*, 366 F.3d 722, 727-28, 730 (9th Cir. 2004) (merits panel has the power to rule on the propriety of a COA).

The dismissal of this appeal does not preclude Alto from pursuing conditions of confinement claims in a properly filed civil rights action under 42 U.S.C. § 1983.

We treat Alto's additional argument as a motion to expand the COA.  So treated, the motion is denied.  *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

All pending motions are denied as moot.

**DISMISSED.**